IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,   )
                            )
                 Plaintiff, )   Criminal Case No. 03-502-KI
                            )   (*Referencing Civil Case No. 05-731-KI*)
       vs.                  )
                            )
BENITO CORTEZ-PEREZ,        )   OPINION AND ORDER
                            )
                 Defendant. )

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Baron C. Sheldahl
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204

        Attorneys for Plaintiff

    James D. Lang
    1020 S. W. Taylor, Suite 375
    Portland, Oregon 97205

        Attorney for Defendant

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, to vacate or correct sentence (#36) by defendant Benito Cortez-Perez. For the reasons set forth below, I deny the motion.

## BACKGROUND

On July 26, 2004, Cortez-Perez pled guilty to the crime of Illegal Re-Entry, in violation of 8 U.S.C. § 1326(a) and (b)(2). Cortez-Perez had previously been deported from the United States on July 23, 2003, subsequent to an aggravated felony conviction (Rape III) on February 15, 2001, in the Circuit Court for the State of Oregon, Linn County.

On October 19, 2004, this court sentenced Cortez-Perez to 46 months in prison. This sentence was based on a Total Offense level of 21 and a Criminal History category of III, which was a downward departure from the identified Criminal History category of VI.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for

relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Id.

Based on the analysis below, there is no need for an evidentiary hearing.

## DISCUSSION

Cortez-Perez raises three arguments to support his contention that his sentence is unconstitutional: (1) the United States Supreme court in United States v. Booker held the federal sentencing guidelines were no longer mandatory; (2) the aggravated felony provision of 8 U.S.C. § 1326(b)(2) is unconstitutional; and (3) ineffective assistance of counsel.

I.   Sentencing Guidelines

Cortez-Perez contends his sentence was imposed pursuant to an unconstitutional, mandatory guidelines system, which is a structural error, and therefore, the court should vacate his sentence and remand for re-sentencing for no more than two years. Cortez-Perez bases his submission on United States v. Booker, 125 S.Ct. 738, 2005 WL 50108 (U.S. Jan. 12, 2005) (No. 04-104). He argues that the Booker decision applies retroactively to his case.

Booker held that the United States Sentencing Guidelines, as written, violate Sixth Amendment principles. The Court determined that a mandatory system in which a sentence is

Page 3 - OPINION AND ORDER

increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." Id. at 756-57.

I find that, consistent with decisions of numerous other federal courts, Booker is not retroactive, particularly given its express statement that its holding is extended to "all cases on direct review." Booker, 125 S. Ct. at 769. See McReynolds v. U.S., No. 04-2520, 397 F.3d 479, 480-81 (7th Cir. 2005); United States v. Varela, 400 F.3d 864, 868 (11th Cir. 2005). Since Booker was decided after Cortez-Perez's time for appeal ran, it is not applicable.

II.     Aggravated Felony provision of 8 U.S.C. § 1326(b)(2)

Cortez-Perez contends that the aggravated felony provision of 8 U.S.C. § 1326(b)(2) is unconstitutional on its face. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court upheld the provisions of 8 U.S.C. § 1326(b)(2) and concluded the section is a penalty provision which does not define a separate crime. In Almendarez-Torres, the Court held that treating an alien's deportation following conviction of an aggravated felony as a sentencing factor, rather than as an element of the offense, does not violate due process. Cortez-Perez contends that, following Booker, the line separating an element of a crime and sentencing factors was blurred.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." However, the Ninth Circuit held in United States v. Bahena-Cardenas, __ F. 3d __ WL 1384353 (9th Cir. 2005) (No. 03-50479), that section 1326

Page 4 - OPINION AND ORDER

does not violate the rule of Apprendi. The analysis in Booker does not change this. Therefore, section 1326 is constitutional and Cortez-Perez's due process rights were not violated.

III. Ineffective assistance of counsel

Cortez-Perez alleges ineffective assistance of counsel because his public defender did not challenge the 16-level sentence enhancement he received under U.S.S.G. 2L1.2(b)(1)(A)(ii) based upon his prior conviction for Rape in the Third Degree. He also alleges his attorney did not file an appeal he requested, that his plea was not voluntary, and that he was not given the opportunity to review his presentence report prior to sentencing.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), cert. denied, 119 S. Ct. 1777 (1999). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then

determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.

Cortez-Perez's counsel, challenged the 16-level enhancement Cortez-Perez received. On October 7, 2004, counsel filed objections with the court arguing that consensual or statutory rape did not qualify as an aggravated felony. He also objected to the sentencing enhancement at the sentencing hearing. This court rejected his argument because Ninth Circuit precedent has held that sexual abuse of a minor is a crime of violence. See U.S. v. Pereira-Salmeron, 337 F.3d 1148 (9th Cir. 2003).

Cortez-Perez also alleges ineffective assistance of counsel because he contends his attorney did not file an appeal that he specifically requested be filed. Cortez-Perez waived his appeal rights in the plea agreement. Paragraph 5 of the plea agreement signed by Cortez-Perez states: "Defendant knowingly and voluntarily waives any and all rights to appeal both his conviction and the sentence imposed in this case, and also waives his statutory right to file a petition pursuant to Title 28, United States Code, Section 2255 challenging the length of his sentence." An error was not committed when an appeal was not filed because Cortez-Perez waived his appeal rights.

In his reply, Cortez-Perez alleges his guilty plea was not voluntary. This claim is directly contradictory to statements he made under oath at his change of plea hearing. At the plea hearing Cortez-Perez denied that anyone had threatened or intimidated him in any way to get him to plead guilty when he really did not want to. His allegations are soundly refuted by his own sworn testimony. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . .

Page 6 - OPINION AND ORDER

." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Cortez-Perez also contends his attorney failed to read and discuss his presentence report with him prior to sentencing. Again, Cortez-Perez stated under oath at his sentencing hearing that he had reviewed the presentence report with his attorney. Cortez-Perez has not proven that his plea was involuntary or that he was not given the chance to review the presentence report.

If Cortez-Perez is arguing he received ineffective assistance of counsel because his attorney failed to attack the sufficiency of his Rape III conviction after Cortez-Perez told him he was innocent of that charge, that argument is unavailing. A motion to vacate or correct a sentence is not the appropriate vehicle to determine whether a prior conviction used to enhance a federal sentence is constitutional. See Daniels v. United States, 532 U.S. 374 (2001); United States v. Martinez Martinez, 295 F.3d 1041 (9th Cir. 2002).

Cortez-Perez received a downward departure based on his attorney's argument that his criminal history category was substantially over-represented. Counsel stated in his sentencing letter to the court that Cortez-Perez is hard working and not involved in drugs. He also discussed the Rape III conviction and his belief that Cortez-Perez would not return to the United States following deportation. Based on counsel's arguments, I reduced Cortez-Perez's criminal history category from VI to III. Thus, Cortez-Perez received a sentence in a guideline range of 46-57 months rather than in the range of 77-96 months due to the assistance of his attorney.

///

///

///

///

Page 7 - OPINION AND ORDER

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate or correct sentence (#27) by defendant Benito Cortez-Perez is denied.

IT IS SO ORDERED.

Dated this    12th    day of August, 2005.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge